RECEIVED
SDNY PRO SE OFFICE

2026 MAY -4  PM 3: 41

United states District court

**26 CV 3753**

For the

Southern district of New York                    April 20.2026

(Plaintiff)

Andrew.j.kampuries

3 palm dr windors locks ct 06096

516.360.7101

Lusia larosa

110  D forest Grove

HalfMoon ny 12065

...xxx...................................................................................................................................xxx...

Denfendants

New York city dept of E.P.A

1 centre st #530

New York ny 10007

Port authority of new York and new jersey

World trade center    att 24 floor

150 Greenwich st

New York Ny 10007

Thank you for attention above

Andrew.j.kampuries

Luisa LaRosa

# Exhibit 1

United States Federal Court
Southern district of New York
April 15 2026

Lucia LaRosa
Pro - se A.j Kampuries

Vs

New York City
EPA agency.
Port authority of NY& NJ    Honorable judge                9/11 VCF
fund.    Special master
Pro se A.j  Kampuries

( NEW FOUND EVIDENCE )

Our family is looking into the new  found evidence .
Exhibit 1 EPA. Evidence 60 boxes ..new data information..
Exhibit 2 Port authority New York and New Jersey...VCF third party verification form from the
port authority of New York and New Jersey.
After 20 years  finding her scheduling as a first responder.
Exhibit 3. VCF appeal letter.

Amend complaint from brain cancer..and loss of vision.
 Driving privileges was taken away by the Port authority of New York and New Jersey.
 we're asking Congress and  special master to .. update the legacy rule one year she had loss of
vision no driving privilege she went under 3 Brain operations.

 New found boxes from( environmental protection agency)...
 Evidence boxes making sure the air was safe to breathe.. (toxins levels.)...
 that the New York City and environmental protection agency (EPA) was hide the boxes. (air
quality results.test...)  Port authority of New York and New Jersey took 20 year's to tell
my  family she attended the world trade center as a first responder after September 12 2001.......

**NEW YORK** - The discovery of long-missing 9/11 toxin records has reignited outrage among
survivors and first responders who say city officials failed to protect their health and withheld
crucial information for years.

The Uniformed Firefighters Association (UFA), which represents thousands of active and retired FDNY firefighters, first raised concerns about the newly uncovered documents, saying the city owed full transparency to those sickened by toxic exposure at Ground Zero.

**Missing records found**

**What we know:**

The City of New York recently confirmed it had located 68 boxes of toxin-related documents tied to environmental hazards at and around Ground Zero — materials that officials had previously said did not exist.

The records' sudden reappearance comes as the World Trade Center Health Program, which supports more than 92,000 members, faces a $3 billion funding shortfall that could begin to impact care as early as 2027.

Our beloved mother Liliana LaRosa kampuries
Was send down to the world trade center for multiple days and weeks.
It took 20 years for the Port authority of New York and New Jersey to found out that she worked at the world trade center site after 9/11.
VCF 911 third party verification form confirmed that she attended multiple days and weeks...
September 12 2001 - December 2002

Port authority sent our beloved mother wife mother of my kids.....where she got sick with brain cancer....loss of vision
Vcf 9/11 case vcf# 0112779
Liliana LaRosa kampuries 11/28/1966.
We're asking the upper courts or Congress
To lower the legacy rule...or have special master to over turn the legacy period....
Liliana LaRosa kampuries
Had vision loss and Three brain surgeries..
It's upsetting to find out there's misinformation
About the toxins in the air.....
Our family found out there's a legacy rule of 5 years.congress been lowering the legacy rule..and adding different sicknesses. ...
 she already had loss of vision when she started the job when Port authority sent her down to 9/11 the air quality escalated her cancer..cells. Port authority took her driving privileges away......
giving her a desk job in Manhattan......
....
 Our family is asking Congress to overturn the legacy rule of 5 years to 1-2 years not only my family but other families that been affected by this new found evidence....
 Liliana LaRosa kampuries family is asking

United States District Court of New York Southern District.
 Special master and Congress to settle this wrongful death lawsuit.. with the kampuries Family.
kampuries and the LaRosa family is upset that the port authority of New York and New Jersey sent our beLoved mother to the twin towers to help with the first responders.
Liliana LaRosa kampuries.
 kids and family is mentally upset about the 5-year legacy rule now we found out about the new found evidence Liliana LaRosa kampuries. kids needed to know and myself to advocate for the family...kids need life time medical benefits from the Port authority of New York and New Jersey for all the mental anguish that my two kids
 Grace .E .Kampuries Andrew.O.kampuries to deal
With Life time medical benefits and  mental illness..........
 knowing that there mother my wife mother of my kids  was sent down by the Port authority of New York and New Jersey. (wrongful death lawsuit)....
( Port authority of New York and New Jersey)
New York City environmental protection agency
Release  new toxins evidence...

It took 20 years for  the Port authority of New York and New Jersey to notify my  family that she attended multiple overtime days as a first responder..
The  statue of limitation for wrongful death VCF 9/11 cases year.2090
 ( about the statue of limitation) there's new found evidence coming out from new York environmental protection agency.
How can our family be denied over 5 year legacy. Rule that was signed off by one doctor. When there's all new found toxin evidence that was hidden our family..WE wants to know.
(FLEOA) proudly highlights its continued advocacy for America's law enforcement officers and first responders, including those who answered the call in the aftermath of the September 11, 2001 terrorist attacks.

On April 9, Dr. Jean Kanokogi, FLEOA's Director of Mental Health and Peer Support, represented the organization at U.S. Senator Kirsten Gillibrand's "Morning With Labor" event, held at the New York Hotel and Gaming Trades Council in New York City.

A key moment during the event included the recognition and presentation of U.S. Senate proclamations honoring individuals involved in and impacted by the 9/11 response, as well as the ongoing work surrounding the World Trade Center Health Program (WTCHP). The recognition comes on the heels of securing full federal funding for the WTCHP and ahead of the 25th anniversary of the September 11 attacks.

The proclamation recognized those who served on the front lines during the 9/11 response, including evacuation, rescue, security, transportation, clean-up, recovery, and rebuilding efforts. It also acknowledged the continued advocacy of those fighting to ensure long-term support through both the WTCHP and the Victim Compensation Fund (VCF).

Dr. Kanokogi was included in Senator Gillibrand's official press release, stating: "Senator Gillibrand has stood shoulder to shoulder with 9/11 responders, fighting for their healthcare, and never letting America forget their sacrifice."

FLEOA National President Mathew Silverman praised Dr. Kanokogi's representation and reaffirmed the organization's commitment to those who continue to bear the physical and emotional scars of 9/11.

"We are incredibly proud of Dr. Kanokogi for representing FLEOA and the broader law enforcement community at this important event," said Silverman. "FLEOA has long worked alongside members of Congress to support critical legislation related to 9/11 and its aftermath, and we remain committed to ensuring that our nation never forgets the sacrifices made by those who answered the call."

Port authority Union leadership emphasized that  partnerships with lawmakers remain essential as the organization continues advocating for policies that protect the health, safety, and well-being of Port authority of New York and New Jersey and first responders nationwide.

"As we approach never forget anniversary, this recognition serves as a powerful reminder of the enduring impact of 9/11 and the responsibility we all share to support those who continue to serve," Silverman added.

We're asking new York southern district judge .... (special master).... (Congress) to change the rule ....it's unfair that we're fighting for the last 20 years with new found evidence from the New York City environmental protection agency.
Port authority of New York and New Jersey.
With holding about my wife  information about her attending world trade center first responder event.
I'm in  closing
Third party verification form confirmed that
Liliana LaRosa kampuries
Was a first responder for the Port authority of New York and New Jersey.
Appeal letter to VCF 9/11 legacy rule.
EPA new found toxin evidence boxes
Thank you for attention above.

Andrew.j.kampuries

Kathleen B. Dupuis
Notary

State of __CT__ County of __HARTFORD__
The foregoing instrument was acknowledged before me this __21st__ day of __APRIL__, 20__26__.
by __ANDREW J. KAMPURIES__
__Kathleen B. Dupuis__ Notary Public
My Commission Expires __7-31-2027__



September 11th
Victim Compensation Fund

**Third Party Verification
Instructions & Form**

## Third Party Verification Form

This form should be used by an employer or volunteer organization to provide information to the September 11th Victim Compensation Fund ("VCF") on behalf of an employee or volunteer who has filed a VCF claim.

**Please carefully read and follow the instructions before completing this form.**

**The Employer/Organization should send this form directly to the VCF.**

The claimant should <u>not</u> submit this form to the VCF on behalf of the Employer/Organization.

**Section 1: Information about the Employee/Volunteer.**

Employee/Volunteer Full Name:  Liliana LaRosa

7-digit VCF Claim Number:  0112779

**Section 2: Information about the Employer/Organization and the representative who is completing the form.**

Employer/Organization Name:  Port Authority of NY & NJ

Employer/Organization Address:  150 Greenwich Street
New York, NY 10007

Contact Person's Name & Title:  Anthony Lisciandrello

Contact Person's Email:  alisciandrello@panynj,gov

Contact Person's Phone Number:  212-435-6455

**Does your organization have a number of employees/volunteers who may be eligible for VCF compensation? By checking this box, a member of our Outreach Team will contact you to discuss how you can help us help them.**

**Section 3: Information about the individual's location(s) and activity beginning on September 11, 2001, through May 30, 2002. Complete the table below.** If you rely on internal employer/organization documents or business records to complete the table, include copies of those documents with your response. You may attach a letter or additional pages to this form if additional space is needed.

| Specific Dates Worked/Volunteered | Specific Address(es) where individual Worked/Volunteered | Brief Description of Work/Duties Performed |
|---|---|---|
| 9/11/2001-9/14/2001, 9/16/2001 | World Trade Center New York, NY 10007 | See below description |
| Develop and provide KPI driven reports on cybersecurity initiatives. In close collaboration with internal and external stakeholders from all line and staff departments, the candidate will lead multifaceted efforts encompassing strategic planning, meticulous research, seamless implementation, and sustained operation of cybersecurity initiative. Consistently refine and enhance existing cybersecurity policies, procedures, and guidelines to elevate the Agency's cybersecurity posture. Collaborate closely with Agency departments to ensure rigorous adherence to established cybersecurity policies and standards across all corporate-level systems, networks, and data assets. | | |

**Section 4: Certification.**

I, <u>Anthony Lisciandrello</u>, certify under penalty of perjury pursuant to 28 U.S.C. §1746(1) that the foregoing is true and correct.

*Anthony Lisciandrello*
**Employer/Organization Contact's Signature**

9/8/2025
**Date**

9/11 VCF

September 4 2025

Honorable Appeal board
Honorable Special master Allison Turkel

Amendment complaint
VCF#011277 4
Vision loss

Liliana LaRosa.


She work for the Port authority of New York and New Jersey 12 years healthy employee  a (supervisor)of Port authority of New York and New Jersey
When 9/11 day came PA job, sent our beloved Lillian larosa a mother and  wife Aunt sister daughter
( sent )
To the
World trade center with coworkers on September 12 - 16 2001 we received  third party verification form were they  (inhaled toxic chemicals) from  the world trade center, we're  miss Liliana LaRosa inhaled (different chemicals causing contact with her eyes her nose and her mouth  her co/ worker to have different medical problems (vision loss)  and   multiple tumors  inhaling all the toxins...Liliana LaRosa...she ended up with vision loss she went  Cohen fashion 2002  to adjust her vision over the course of 3 years ...Liliana LaRosa  had vision loss and ( multiple brain tumors..).. .)  New York New Jersey Port authority has liliana's medical records for her  vision loss....l  over the next 3 years the Port authority suspended her driving privileges.......

The PA doctors who seen  Liliana LaRosa with vision loss And brain cancer ....has the medical records.

Our family is asking special master and the appeal board to Grant Lillian larosa family a wrongful death settlement..
   vision loss and multiple brain surgeries...we have a update.
 receiving the third party verification form from the Port authority  New York and New Jersey .
 Liliana LaRosa attended the world trade center multiple times September 12-16 2001see third party verification form and contact information is on the third party verification form for all of Liliana LaRosa records from the job.
Thank you for the attention above

Luisa r.Larosa


.........................x
notary

1

September 4, 2025

Honorable Appeal Board

Honorable Special Master Allison Turkel

**Re: Amendment Complaint – VCF Claim #011277ᖳ**

**In the matter of: Liliana LaRosa**

## Introduction

On behalf of the family of **Liliana LaRosa**, a former supervisor with the Port Authority of New York and New Jersey, we respectfully submit this Amendment Complaint in connection with VCF Claim #011277ᖳThis appeal seeks recognition of **Ms. LaRosa's vision loss as a covered 9/11-related injury**, alongside her already-acknowledged brain cancer, and requests that the Board grant a **wrongful death settlement** consistent with her documented exposures, medical history, and the precedent established by the 9/11 Victim Compensation Fund.

## Factual Background

## Employment and Ground Zero Exposure

Ms. LaRosa was a healthy, dedicated Port Authority employee for over 12 years. In the aftermath of September 11, 2001, she was directed by the Port Authority to attend Ground Zero on multiple occasions, specifically between **September 12–16, 2001**. The **third-party verification form issued by the Port Authority** confirms her presence at the World Trade Center site during those dates.

During these assignments, Ms. LaRosa and her coworkers were involuntarily exposed to toxic **chemicals, pulverized building materials, carcinogens, and heavy metals**. The long-term medical consequences of such exposure have been well-documented in federal law and medical literature, forming the basis of the **Zadroga Act of 2010**, which established the current VCF framework.

**Medical History**

By 2002, Ms. LaRosa began experiencing **severe vision loss**, leading to the suspension of her driving privileges. Subsequently, she was diagnosed with **brain tumors and multiple other 9/11-related cancers**. Rather than initiating long-term chemotherapy as a first-line defense, treating physicians pursued surgical interventions. Each surgery carried significant risks of metastatic spread. Tragically, these risks were realized, and Ms. LaRosa's condition worsened. She ultimately succumbed to her illnesses, passing away after years of pain and suffering.

The family has submitted **updated physician documents** and the **Port Authority's third-party verification** to corroborate these facts.

**Legal Argument**

**I. Vision Loss is a Compensable 9/11-Related Injury**

The VCF has previously recognized the compensability of cancers and respiratory illnesses stemming from toxic exposure at Ground Zero. Vision loss, when directly attributable to neurological injury or tumor growth, falls within the scope of covered conditions.

In In re September 11 Litigation, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), the court recognized that toxic exposure at the World Trade Center site produced a broad spectrum of medical conditions, including those beyond traditional respiratory diseases. Similarly, in **Matter of Berenyi v. VCF, 2018 WL 3640406 (E.D.N.Y. 2018)**, neurological sequelae of toxic exposure were found to be compensable.

Here, Ms. LaRosa's vision loss was an early manifestation of her brain cancer and associated neurological damage. As such, it must be recognized as a distinct, compensable injury under the VCF's statutory framework.

## II. Wrongful Death Settlement is Justified

The family is seeking full wrongful death compensation under the VCF, consistent with the precedent set in **In re World Trade Center Disaster Site Litig., 456 F. Supp. 2d 520 (S.D.N.Y. 2006)**, where courts acknowledged the government's duty to provide adequate remedies for those harmed by 9/11-related exposures.

Additionally, in **Feal v. United States, 2011 WL 4600678 (E.D.N.Y. 2011)**, the court emphasized Congress's intent to compensate families of deceased victims to the fullest extent possible. Denying recognition of vision loss, or undervaluing Ms. LaRosa's suffering, would run contrary to the remedial purpose of the VCF.

## III. Delay and Withholding of Critical Information

The family is particularly aggrieved by the fact that **critical information was withheld for nearly 20 years**. The Port Authority and medical providers failed to provide timely, transparent

documentation of Ms. LaRosa's exposures and medical course. This delay has caused profound hardship to her surviving family.

Case law acknowledges that administrative delays must not prejudice claimants. In **American Oversight v. U.S. Dep't of Justice, 401 F. Supp. 3d 16 (D.D.C. 2019)**, the court held that delay in disclosure of records can constitute a denial of due process. Similarly, in **Matter of Epstein v. World Trade Center Captive Ins. Co., 813 F. Supp. 2d 369 (S.D.N.Y. 2011)**, the court emphasized the importance of timely and complete disclosure in 9/11-related claims.

This principle applies here: the withholding of relevant medical and employment records has unfairly delayed the family's ability to secure justice.

## IV. Equity and Congressional Intent

The **Zadroga Act** and subsequent reauthorizations of the VCF make clear Congress's intent: to **compensate all 9/11 responders, survivors, and their families for the full scope of harm suffered**. To deny or limit recovery based on technicalities or narrow interpretations would undermine this remedial purpose.

In **Mollica v. United States, 889 F.3d 95 (2d Cir. 2018)**, the Second Circuit reiterated that remedial statutes must be construed broadly to fulfill their humanitarian goals. The VCF, by its very nature, is a remedial statute designed to provide families like the LaRosas with justice and financial relief.

## Relief Requested

In light of the foregoing, the family respectfully requests that the Honorable Special Master and the Appeal Board:

1. **Formally recognize vision loss as a compensable 9/11-related injury** suffered by Ms. LaRosa beginning in 2002.

2. **Grant a full wrongful death settlement** to Ms. LaRosa's family, consistent with precedent and congressional intent.

3. **Acknowledge the prejudice caused by delay** in disclosure of records and ensure that such delays do not reduce or diminish the family's rightful compensation.

4. Consider all submitted evidence, including the updated physician documentation and the third-party verification form issued by the Port Authority.

## Conclusion

Ms. LaRosa served her community and her employer in the darkest days following September 11, 2001. She stood alongside countless others at Ground Zero, unknowingly sacrificing her health in the process. Her vision loss, her cancers, and ultimately her death were the direct result of her exposure.

Twenty-two years later, her family continues to carry the burden of her loss and the injustice of delayed recognition. This appeal is not merely a request for compensation—it is a plea for acknowledgment of her sacrifice and for closure to a grieving family.

6

For the reasons stated herein, and supported by the statutory framework of the VCF and relevant case law, we respectfully request that this Board grant the relief sought.

Respectfully submitted,

**Luisa R. LaRosa**

Eligibility Appeal Request Form
(*revised April 22, 2021*)

Victim Name: LILIANA LAROSA        Claim Number: VCF0112779

If you are represented by an attorney, please consult with your attorney before returning this form. It is important that only one form be returned to the VCF to ensure proper action is taken on your claim

<u>If you do not intend to appeal the eligibility decision on your claim</u>: You do not need to take any action at this time. Your claim will remain in a denied status. If in the future you have new information to submit to the VCF that you believe may change the eligibility decision on your claim, you may amend your claim by following the instructions on the VCF website.

<u>If you intend to appeal the eligibility decision on your claim</u>: Follow the instructions below.

Step 1. To be done no later than September 21, 2025: Complete this Eligibility Appeal Request Form by checking the box below and signing and dating the form. **Return this completed form to the VCF within 30 days** (no later than September 21, 2025). When uploading the form to your online claim, select "<u>Eligibility Appeal Request Form</u>" as the document type.

If a completed Eligibility Appeal Request Form is not uploaded to your online claim or postmarked by **September 21, 2025**, you will have waived your right to an appeal.

Step 2: Gather the necessary documents and complete your **Eligibility Appeal Package**. Your appeal package <u>must</u> include the following:

- Completed Pre-Hearing Questionnaire (see enclosed).
- Eligibility "Explanation of Appeal" as explained in the enclosed document.
- All relevant documentation to support your appeal.

Step 3: To be done no later than October 21, 2025: Submit your complete **Eligibility Appeal Package** as <u>one package</u>. When uploading the file to your claim, select "<u>Appeal – Other Document to support Appeal</u>." Your completed package must be submitted by **October 21, 2025** or your request for an appeal will be denied.

Once your complete Eligibility Appeal Package is submitted, the VCF will review the information to confirm you have a valid appeal, and will notify you of the next steps specific to your appeal and the scheduling of your hearing.

☑    I request to appeal the eligibility decision on my claim.

_____          09/14/2025
Claimant Signature                              Date

LUISA R. LAROSA
Print Name (*if different from Victim*)

PRE-HEARING QUESTIONNAIRE

Instructions: Complete the questionnaire below and submit it as part of your **Eligibility Appeal Package.** You may include additional pages if you require more space to answer the questions. The VCF strongly encourages the identification of all parties appearing at the hearing in the pre-hearing questionnaire submitted with your appeal packet. If, however, you wish to include additional hearing witnesses that were not identified on the initial pre-hearing questionnaire, you must submit: 1) an updated pre-hearing questionnaire identifying all parties appearing at your hearing; 2) an affidavit from any witness who has not yet provided one; and 3) an explanation as to why the additional witness(es) were not included in the initial pre-hearing questionnaire. An updated pre-hearing questionnaire must be submitted at least one week prior to your hearing date.

1.  What specific component(s) of the eligibility denial determination are you appealing (check all that apply from the list below)?

    ☑ Presence at a 9/11 site or in the VCF NYC Exposure Zone
    ☑ 9/11-related Lawsuit
    ☑ Condition not eligible
    ☑ Insufficient Exposure
    ☑ Condition not diagnosed within WTC Health program required time period

    ☑ Other – Please specify: _loss of Vision + Brain Surgery_

    NOTE: You will need to provide additional information and supporting documents for each selected item as part of your "Explanation of Appeal." Please review the enclosed information carefully to be sure your Eligibility Appeal Package is complete.

2.  Your hearing will be conducted via video conference using the Zoom application. Both the video and audio portions of the hearing will be conducted via Zoom – you will not be able to call in by telephone. Please check the box below to confirm that you, and any witnesses appearing at your hearing, are able to attend your hearing by video (Zoom).

    ☑ I, and my witnesses, will attend a hearing by video (Zoom)

3.  Who will be participating in the hearing by video and what is each participant's relationship to the victim? The VCF strongly encourages anyone who provided an affidavit on your behalf to appear at your hearing.

| Full Name | Relationship to Victim |
|---|---|
| LUISA LAROSA - | Mother |
| Andrew J. Kampuries | Father |

4.  If you or someone else who will be testifying at the hearing does not speak English, the VCF will provide an interpreter at no cost to you. Please check here to request that the VCF provide an interpreter for the hearing: ☑

    What language must the interpreter speak (other than English)? _Spanish_

5.  Please explain if you have any special needs or requirements specific to your hearing (i.e., hearing impaired, someone needs to be in the room with you to provide medical care etc.).

| September 11th<br>Victim Compensation Fund | **Appendix C**<br>OMB No: 1105-0092 | Victim's SSN or National ID Number:<br>_0 1 1 2 7 7 9_ |
|---|---|---|

3. Was the victim in the NYC disaster area at any time ON September 11, 2001?

   O Yes  ● No

   If **Yes,** Check the option that provides the most relevant description:

   - O Directly in the cloud of dust (or "blackout") from the collapse of the WTC buildings
   - O Exposed to significant amounts of dust but not directly in the cloud of dust from the collapse of the WTC buildings
   - O Exposed to some dust but not in the cloud of dust from the collapse of the WTC buildings
   - O Not exposed to dust and not in the cloud of dust from the collapse of the WTC buildings
   - O Do Not Know

4. **If the victim was in the NYC disaster area on September 11, 2001, please identify the victim's specific location and activity on September 11, 2001:**

5. **Indicate the estimated total duration of exposure for each of the relevant exposure timeframes listed in the table below.** *Total Duration of Exposure is the <u>total number of hours</u> that the victim performed rescue, recovery, demolition, debris removal, and related support services, or lived, worked, went to school, commuted or visited while within the NYC disaster area.*

| Time Period during which Exposure Occurred | Estimated Total Duration of Exposure | Location in the NYC Disaster Area |
|---|---|---|
| September 11 – 14, 2001 | *Third Party form* | *World Trade Center* |
| September 15 – 30, 2001 | *1'* | *World Trade Center* |
| October 1, 2001 – July 31, 2002 | *1/* | |

For each timeframe for which you listed estimated hours, you must provide documents that confirm the dates and hours the victim was in those areas. The VCF will accept many different types of documents that *specifically confirm the estimated hours the victim was present* in the NYC disaster area. If the proof of presence documentation you submitted with your claim form supports the estimated hours of exposure listed in the table above, you do not need to submit additional documentation. If the proof of presence documentation you submitted does <u>not</u> support the estimated hours of exposure listed in the table above, you must submit additional documentation confirming the dates and hours the victim was in the NYC disaster area. This may include employer records, official personnel rosters, or two sworn affidavits from people who personally saw or supervised the victim during the relevant timeframes.

6. **Indicate the victim's relative amount of dust/fume/smoke exposure while in the NYC disaster area for each time period listed in the table below. Check the most prevalent layer for each time period.**

| Time Period during which Exposure Occurred | Heavy visible layer of dust and/or smell of WTC smoke | Light visible layer of dust and/or smell of WTC smoke | No visible layer of dust or smell of WTC smoke |
|---|---|---|---|
| September 11 – 14, 2001 | ● | O | O |
| September 15 – 30, 2001 | ● | O | O |
| October 1, 2001 – July 31, 2002 | O | O | O |

| September 11th<br>Victim Compensation Fund | Appendix C<br>OMB No: 1105-0092 | Victim's SSN or National ID Number:<br>0 1 1 2 7 7 9 |
|---|---|---|

For the purposes of completing questions 7 and 8, please use the following definitions:

- A **Responder** is a worker or volunteer who provided rescue, recovery, demolition, debris removal, and related support services in the aftermath of the September 11, 2001 attacks on the World Trade Center.

- A **Non-Responder** is a person who was present in the "NYC disaster area" in the aftermath of the September 11, 2001, terrorist attacks on the World Trade Center as a result of their work, residence, or attendance at school, childcare, or adult daycare.

7. **If the victim was a responder, indicate in the table below the location(s) where the victim performed the response activities and the jobs/tasks performed.**

**Location of response activities (check all that apply):**

☐ On the pile/in the pit
☐ Adjacent to the pile/pit
☐ Landfill
☐ Other Location (specify):

☐ Barges/loading piers
☐ Elsewhere south of Canal Street
☐ Do Not Know

*World Trade Center*

**Job/task (check all that apply):**

☐ Body bag work
☐ Bucket brigade
☐ Cable installation/repair/splicing (excluding work performed in manholes)
☐ Cable installation/repair/splicing (including work performed in manholes)
☐ Canteen services
☐ Counselor
☐ Custodian
☐ Dog Handler
☐ Dust suppression
☑ Other - specify: *NY NJ Port Authority Employe -*

☐ EMT
☐ Escorting
☐ Excavation/confined space work
☐ Firefighter
☐ Industrial hygiene
☐ Morgue work
☐ Perimeter security
☐ Sanitation worker

☐ Search and rescue
☐ Sifting (excluding conveyor belt)
☐ Sifting (including conveyor belt)
☐ Torch cutting or burning
☐ Towing
☐ Truck loading/unloading
☐ Truck routing
☐ Work with concrete

8. **If the victim's activities were not as a responder, indicate the location(s) where the victim lived, worked, went to school, commuted or visited the NYC disaster area. Check all that apply.**

☐ Worker in one of the WTC towers

☐ Worker in surrounding offices, stores, restaurants, or other workplace

☐ Patron of surrounding stores, offices, or restaurants

☐ Student or staff at school or preschool

☐ Adult in daycare or staff at a daycare center

☐ At place of residence – provide address:
   *37 - Block Blvd MassApequa Pk. NY.*

☑ In Transit or Other Location – specify:
   *NY NJ Port Authority - JFK airport - World Trade Center*

September 11th
Victim Compensation Fund

January 23, 2026

ANDREW JOHN KAMPURIES
3 PALM DRIVE,
WINDSOR LOCKS, CT 06096

Dear ANDREW JOHN KAMPURIES:

Thank you for contacting the September 11th Victim Compensation Fund ("VCF"). Enclosed with this letter are the documents you requested.

The enclosed hard copy VCF Claim Form includes just those sections of the form that are applicable to your claim. If you requested the entire claim form, please read the form carefully and follow the instructions to be sure you only complete and submit the sections that are relevant to your circumstances.

The new VCF Claim Form is different from the old claim form and you should not use any versions of the old claim form when submitting your claim. The VCF will not be able to process the old form and the review of your claim will be delayed.

If you started your claim using the old claim form, please note the following important information:

• Your VCF number will remain the same. Please include it on every document you submit to the VCF.

• If you started your claim but did not submit it to the VCF, you will need to start over using the new claim form. Please do not send any versions of the old claim form to the VCF as we can no longer process those forms.

• If you submitted only one part of the old claim form (Eligibility or Compensation), you should complete just the section of the new claim form that you did not previously submit. For example, if you submitted your Eligibility Form using the old form, but did not submit a Compensation Form, you should complete just Part III-Compensation of the new form.

• You do not need to re-submit any supporting documents you already provided to the VCF with the old claim form.

In order to process your claim, the VCF must have a completed claim form. This means you have submitted all applicable sections of the new claim form, or have submitted the part of the new form that you did not previously submit using the old form. The VCF cannot review a claim form if only one section has been submitted.

If you have any questions regarding this letter or your claim, or would like help using the online claim system, please call our toll-free Helpline at 1 855 885 1555. For the hearing impaired, please call 1 855 885 1558 (TDD). If you are calling from outside the United States, please call 1 202 514 1100.

Sincerely,

September 11th Victim Compensation Fund

P.O. Box 34500, Washington, D.C. 20043



September 11th
Victim Compensation Fund

January 15, 2026

LUISA LAROSA
110 D FOREST GROVE
HALFMOON NY  12065

### Re: CLAIM NUMBER: VCF0112779

Dear LUISA LAROSA:

The September 11th Victim Compensation Fund ("VCF") has received your Appeal Request Form and Pre-Hearing Questionnaire requesting to appeal the decision on your claim.

Your hearing has been scheduled. This letter provides important details about the hearing.

Your hearing will be held on **February 18, 2026** at **12:00 PM** Eastern Time. The hearing will be held by video using Zoom. To join the hearing, you will need to need to log in on a device with video and audio capabilities, such as a laptop, smart phone, or tablet.  It is very important that you test your technology several days in advance of the hearing so that you have time to troubleshoot any issues before the hearing date.

The log-in information for your hearing is below. This information is unique to your hearing and should only be shared with other hearing participants.

**Website:**
https://www.zoomgov.com/j/1610236436?pwd=AvgqheeZ4Zqi3TvUTvP0BBkp5T6Mff.1
**Meeting ID:**   161 023 6436
**Password:**   797233

**Your hearing date and time are considered confirmed and cannot be changed.** If you need to reach the VCF on the day of your hearing, please call our office at 212-619-3215. If you do not appear at your hearing and you have not made other arrangements with the VCF, the Special Master will consider the decision on your claim to be final.

**The VCF must have the names of all attendees at least one week before your hearing.** All hearing participants must be listed on your Pre-Hearing Questionnaire. If you have identified additional hearing participants since submission of your initial Pre-Hearing Questionnaire, you must submit an updated questionnaire. For eligibility hearings focused on proving your presence at an eligible location, you must also submit a completed VCF Witness Presence Statement for any new participants who have not already completed one on your behalf. The form can be found on the VCF website and must be submitted <u>at least one week prior</u> to your hearing.

With the exception of a Witness Presence Statement from a new hearing participant as explained above, all documentation pertaining to your appeal should have been submitted with your appeal packet. The VCF will not accept any new documentation during your hearing.



September 11th
Victim Compensation Fund

If you have any questions regarding this letter or your hearing, please reach out to your attorney (if you are represented), or call our toll-free Helpline at 1-855-885-1555. Please have your claim number ready when you call: **VCF0112779**. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

September 11th Victim Compensation Fund



September 11th
Victim Compensation Fund

## WHAT TO EXPECT AT YOUR HEARING

The Appeals and Hearings Process is an important part of the VCF claims process, with hundreds of hearings held every year. This document provides information to help you understand what to expect during your hearing. For a full explanation of the Appeals and Hearings process, see Section 4 of the VCF Policies and Procedures online at https://www.vcf.gov/policy/appeals-and-hearings.

There are two different points in the VCF claims process when hearings are held. First, at the Eligibility stage, you have the right to appeal and come to a hearing if you are found ineligible for compensation because you did not meet the eligibility criteria as defined in the VCF statute. Second, at the Compensation stage, you have the right to appeal and come to a hearing if you believe the VCF made an error in calculating your award.

Hearings are held in a non-adversarial manner, and are conducted by a Hearing Officer from the Special Master's office. These Hearing Officers are qualified individuals who have been trained specifically for VCF hearings. Other VCF staff who support the appeals process will also attend the hearing.

The objective of the hearing is to give you a chance to present information or evidence that you believe is necessary to support your appeal. You are allowed, but are not required, to bring witnesses to your hearing, including expert witnesses. During the hearing, the Hearing Officer will ask you about documentation you submitted with your claim, including anything you provided in your appeal packet. The Hearing Officer may also ask your witnesses about written statements they provided in support of your claim.

## WHAT TO EXPECT:

### Is this going to be the same as going to court?

**No.** There may be some parts of the hearing that seem similar to court proceedings, but VCF hearings are not the same as going to court. Our process is meant to be non-adversarial, and is an opportunity for you to talk with us about details related to your claim. You can expect to see a Hearing Officer, the court reporter, and one or two other representatives from the VCF. You and any witnesses you bring to your hearing will be sworn in by the court reporter, and your testimony is given under oath and under penalty of perjury. The court reporter will document the hearing in a transcript, which then serves as the official record of the hearing. The Special Master is then able to refer to the transcript when deciding your appeal. **No one is permitted to record the hearing**.

### Do I need an attorney for my hearing?

**No.** Just like the rest of the VCF claims process, you do not need legal representation at your hearing. However, if you were not working with an attorney when you submitted your Appeal Request Form, and you have since decided to work with one for purposes of your appeal, please notify the VCF in advance no later than two weeks before your hearing. If you are represented by an attorney for your VCF claim, you should talk with your attorney about his or her role during the hearing.

### Can I have someone else in the room with me during the hearing?

**No.** When the pandemic required us to begin conducting hearings by video, we worked hard to try to re-create in a virtual setting the privacy and integrity of our in-person hearings process.



September 11th
Victim Compensation Fund

During the actual proceeding, you may not have anyone, including spouses, children, or others, in the same room as you while you testify. If you feel you have special requirements or needs for your hearing that require someone to be with you, please inform the VCF of these needs, in writing, in advance of your hearing. You can provide that information in your Pre-Hearing Questionnaire.

## Can I be somewhere other than my home for my hearing?

**Yes.** You can participate in the hearing from any location where you have privacy and a strong, uninterrupted Wi-Fi signal. "Privacy" typically means somewhere you can close a door. When deciding where you will be located, keep in mind that the Hearing Officer will need to be able to see and hear you clearly. This means you need a place with good lighting and minimal background noise. The VCF expects that you will be somewhere private and safe during your hearing. For example, the VCF will not hold your hearing if you join while driving your car, or are somewhere public, such as a coffee shop or shared work space. This expectation is the same for any witnesses you bring to your hearing.

## How long will my hearing last?

**45-60 minutes.** You can expect your hearing to last from 30 minutes to one hour, depending on the issue(s) being discussed at the hearing and the number of witnesses.

## Do my witnesses have to stay the whole time?

**Yes.** The Hearing Officer typically listens to you first, and then your witnesses. You should prepare your witnesses to be available for the entire hour, even if their testimony only takes 10-15 minutes. Once they testify, they will be dismissed and do not need to remain available for the remainder of the hearing. You should also prepare your witnesses for the possibility that their testimony may not be needed. This may happen if the Hearing Officer determines, based on what has already been said during the hearing, that a specific witness's information is no longer needed. If your witness has a time restriction and prefers to testify first, please inform the VCF in writing in advance of your hearing. The Hearing Officer may accommodate the request at his or her discretion.

## Will I be asked questions during the hearing?

**Yes.** The hearing is the opportunity for you to tell your story to the VCF, and to present an argument as to why you are appealing the decision. This process is non-adversarial, but the Hearing Officer will ask questions to be sure we understand everything we need to know in support of your claim. This is not a cross-examination, but more of a conversation. Below are some examples of questions you may be asked during your hearing:

For Eligibility Hearings:
- Where were you on September 11, 2001? If applicable, where were you on other dates you provided in your claim between September 12, 2001, through May 30, 2002?
- Who were you with when you were there?
- What were you doing when you were there?
- What sensory memories do you have from that time (smell, sight, etc.)?



September 11th
Victim Compensation Fund

<u>For Compensation Hearings:</u>
- How have your conditions worsened over time?
- What medications do you take and what side effects have you had, if any?
- Have your conditions resulted in surgeries or hospitalizations?
- If applicable, how have your conditions resulted in your inability to work?

**What if I have additional questions about the hearings process or my claim?**

The VCF Helpline is available to answer your questions:

**Toll-free** 1-855-885-1555

**Hearing impaired** 1-855-885-1558 (TDD)

**Outside the United States** 1-202-514-1100

If you are working with an attorney for your VCF claim, you should contact your attorney with any questions.

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.



**UNITED STATES POSTAL SERVICE.**    *Retail*

**E**    US POSTAGE PAID
**$35.90**    Origin: 06082
04/29/26
0824480182-10

PRIORITY MAIL EXPRESS®

A KAMPURLES
3 PALM DR
WINDSOR LOCKS CT 06096-1632
(516) 360-7101

0 Lb 5.70 Oz

RDC 07

SCHEDULED DELIVERY DAY: 04/30/26 06:00 PM

C099

SHIP
TO:
 (516) 360-7101
US DISTRICT COURT FOR THE SOUTHERN
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING® #



9570 1121 0711 6119 9423 42

...TIONAL USE
...HERE

domestic

insurance

...and

...Is.

...arding

...AY BE REQUIRED.

RECEIVED
MAY 1 - 2026
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
SDNY PRO SE OFFICE
2026 MAY 1  PM 3:13





**UNITED STATES POSTAL SERVICE.**